No. 612
SMITH v. HOURIET et
Ohio Appeals, 9 th Dist., Summit Co.
No. 1040. Decided May 28, 1925
Judges Richards, Williams and Young, 6th Dist., sitting.

997. REAL ESTATE—Title to, will vest as made apparent by interpretation of parties to transaction.

WILLIAMS, J.

Louise Smith brought an action in the Summit Common Pleas seeking a partition of certain real estate. Smith claimed to be owner of an undivided one-half interest and Elsie Houriet and her two sisters, each owners of an undivided one-sixth interest.

It was shown in the evidence that Harvey Smith acquired title to the land in question by deed, and thereafter sold an undivided one-half interest in the land in controversy for $3000. Houriet died intestate leaving the property to his mother and three sisters. Subsequently Smith executed and delivered to the mother an undivided one-half interest in the property. When Smith died, he devised by his will, his interest in said real estate to his widow and children. The court below found in favor of Houriet and did not allow the partition as prayed for.

The case was appealed and Smith claimed that the half interest in the lots deeded to the mother of Houriet was not conveyed in execution and completion of the land contract in question, but was conveyed for a consideration. Houriet claimed that the land contract covers the undivided one-half interest in the real estate, the legal title to which is in Smith, and that having succeeded to the rights of U.

F. Houriet, deceased, and the consideration being fully paid, Smith holds the title in trust for them, upon the theory that the equitable title follows the consideration, and as owners in equity, their title should be quieted. The Court of Appeals held:

For a long period of years the parties treated the land, in their conversation and in paying taxes, as if Smith owned an undivided one-half. There is no better guide as to the nature of the transaction, between the parties, than the interpretation put thereon by the parties themselves. This interpretation, which recognized Smith's title to an undivided one-half interest in the lots, seems to have continued through all the years that the Houriets slept upon their rights.

Adhering to this view of the case, a decree should be entered for Smith as prayed for and cause remanded to the Common Pleas to carry into effect the decree of partition.

Attorneys—Doolittle, Foust & Holden for Smith; Slabaugh, Young & Seiberling, Huber & Guinther for Houriet et; all of Akron.